IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID RAY McCORMICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-0096 |
| ) | |
| DARON HALL, Sheriff, W. EVANS, ) | Judge Haynes |
| AMY REED, DR. WILLIAMS, DR. MILLER, ) | |
| S. SHAVERS, DR. RONALD BAKER, and ) | |
| K. SUGDEN-KUNDAR, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM

Plaintiff David Ray McCormick, a state inmate at the Davidson County Criminal Justice Center, filed this action under 42 U.S.C. § 1983 (Docket Entry No. 1). By separate Order, the Court granted Plaintiff's application to proceed without prepayment of fees and costs, and has directed that the complaint be filed *in forma pauperis*.

Under the Prison Litigation Reform Act (PLRA), the courts are required to screen a prisoner's civil complaint where, as here, the complaint is brought *in forma pauperis* or against a governmental entity or official. 28 U.S.C. §§ 1915(e)(2), 1915A. After the initial screening, the Court must, based on the Sixth Circuit's interpretation of the PLRA, dismiss the complaint *sua sponte*, before service on any defendant, if it is determined to be frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief from a defendant immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The Court must construe a *pro se* plaintiff's complaint liberally, *Boag v. McDougall*, 454 U.S. 364, 365 (1982), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## A. ANALYSIS OF THE COMPLAINT

Plaintiff names as defendants: (1) Davidson County Sheriff Daron Hall; (2) Amy Reed (or Redd), a nurse with Correct Care Solutions ("CCS"); (3) Dr. Williams, a doctor employed by CCS; (4) S. Shavers, a registered nurse employed by CCS; (5) Dr. Miller, a doctor employed by CCS; (6) Dr. Ronald Baker, a doctor employed by the Bone & Joint Clinic at Meharry General Hospital; (7) K. Sugden Kundar, a nurse employed by CCS; and (8) Officer W. Evans, deputy sheriff and guard at the Davidson County Sheriff's Office.

Plaintiff seeks declaratory and compensatory and punitive damages against Sheriff Daron Hall, Deputy Sheriff Evans, Amy Redd, K. Sugden-Kundar, Dr. Williams, S. Shavers, Dr. Miller, Dr. Logan (who is not named as a defendant), and Dr. Ronald Baker (who, as indicated above, is not employed by Correct Care Solutions or the Criminal Justice Center). Plaintiff seeks proper medical treatment changes in the policies and procedures for medical treatment at the jail.

According to Plaintiff, on January 20, 2011 he was assaulted by another inmate at the Davidson County jail and Officer Evans witnessed the assault. After the fight, Evans escorted Plaintiff to "medical" where an ambulance transported Plaintiff to General Hospital's emergency room. At General Hospital where Plaintiff had X-rays and CT scans that revealed two fractures in Plaintiff's left wrist and forearm. Dr. Chris Mehr, the ER physician, informed Plaintiff that he would need surgery to reset the bones correctly, but surgery could not be scheduled immediately. Plaintiff was returned sent back to the jail with instructions to inform the jail medical staff at jail of his need for surgery. Plaintiff received a syringe full of pain medication and a sling for his arm.

Plaintiff, however, alleges that he never received this pain medication nor the sling nor any medical attention for two days. On the third day, January 23, Dr. Miller examined Plaintiff at the jail and provided Plaintiff a ten-day prescription for pain medication (Lortab). On January 28, Plaintiff was taken to the Bone & Joint Clinic at General Hospital and was examined by Dr. Ronald Baker and Dr. Jeralyn Allen. Dr. Baker removed splint and pulled on Plaintiff's left thumb with instructions to wiggle his fingers. These doctors told Plaintiff he did not need surgery, and Dr. Allen placed a cast on Plaintiff's arm. Plaintiff alleges that after

his arm was set in the cast, x-rays were not taken. Plaintiff does not allege Dr. Baker ordered x-rays prior to the arm being set in a cast. Plaintiff was returned to the Criminal Justice Center.

## II. ANALYSIS AND DISCUSSION

To state a 42 U.S.C. § 1983 claim, a plaintiff must establish "that (1) a person, (2) acting under color of state law, (3) deprived the plaintiff of a federal right." *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001).

### A. Failure to Protect Claim

Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 411, U.S. 825, 832, 833 (1994). Notwithstanding, "[a] prison official's duty . . . is to ensure 'reasonable safety,'" not absolute safety. *Id.* at 844 (citing *Helling v. McKinnery*, 509 U.S. 25, 33 (1993)). A prison official may therefore be held liable only for acting with "deliberate indifference" to inmate health or safety; a showing of deliberate indifference requires proof that the official knew that the inmate faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *Id.* at 834.

To state a "failure to protect" claim, a prisoner plaintiff must allege facts suggesting prison officials were deliberately indifferent. *Farmer*, 411, U.S. at 832, 834. "Deliberate indifference" is a higher standard than negligence and requires that the official know of and disregard an excessive risk to inmate health or safety; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harms exists, and he must also draw the inference." *Id.* at 837.

Here, Plaintiff does not allege any facts for a failure-to-protect claim. Officer Evans witnessed the assault, but Plaintiff does not allege Evans deliberately failed to stop the assault. Thus, the Court concludes Plaintiff fails to state an Eighth Amendment claim against Officer Evans.

### B. Plaintiff's Denial of Medical Care Claims

As to defendants, Nurses Reed, Shavers and Kundar, and Drs. Williams and Miller, as persons under contract with the Metro Sheriff to provide medical care for inmates, those Defendants act under color of state law. *Harrison v. Ash*, 539 F.3d 510, 521 (6th Cir. 2008) (finding that nurses employed by a company in contract with a county jail to provide medical services to inmates could be liable under §

1983) (citing *Bartell v. Lohiser*, 215 F.3d 550, 556 (6th Cir. 2000) ("[P]arties [who] perform fundamentally public functions, or who jointly participate with a state to engage in concerted activity, are regarded as acting 'under the color of state law' for purposes of § 1983.))). Here, the complaint does not describe what actions or inactions any of these individuals took with respect to the Plaintiff that might have violated his constitutional rights. Plaintiff's complaint alleges facts only about Dr. Miller. "[L]iability under § 1983 must be based on *active* unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (emphasis added). Moreover, as to Dr. Ronald Baker, Plaintiff's claim challenges Dr. Baker's assessment that Plaintiff did not need surgery. Dr. Baker, however, is not employed by the Davidson County Criminal Justice Center nor by Correct Care Solutions. Thus, Dr. Baker is not a person "acting under color of state law" necessary for a Section 1983 claim. Thus, the Court concludes that Plaintiff's failure to allege facts about these nurses and Dr. Williams failed to state Section 1983 claims against those Defendants. In addition, the Court concludes that Plaintiff cannot state a Section 1983 claim against Dr. Baker.

As to Dr. Miller, Plaintiff alleges Dr. Miller examined him his ER visit, and provided Plaintiff a ten-day prescription for pain medication. The Eighth Amendment to the United States Constitution forbids officials from "unnecessarily and wantonly inflicting pain" on an inmate by acting with "deliberate indifference towards an inmate's serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Where a prisoner has received medical attention and the dispute is over the particular form of treatment received, "federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Plaintiff's allegations reflect his receipt of medical care for the broken wrist, pain medications, and follow-up treatment at an orthopedic clinic. He apparently did not receive all the medical care to which he believes he is entitled.

Plaintiff's claim involves a three-day gap between Plaintiff's ER visit and his follow-up appointment with Dr. Miller. Plaintiff never received surgery on his broken wrist, but the emergency room physician did not recommend immediate surgery. Plaintiff returned to the orthopedic clinic at General Hospital where his arm was set in a cast and he was told that he did not need surgery. As to

the failure to order more x-rays, negligence by individual medical practitioners arises under state tort law, not § 1983. The Court concludes that Plaintiff has failed to state an Eighth Amendment claim against Dr. Miller based on deliberate indifference to his serious medical needs.

### C. The Claim against Sheriff Hall

Plaintiff does not allege that Sheriff Hall undertook any action or failed to take any action in these controversies. Plaintiff cannot state a Section 1983 claim against Hall solely upon his supervisory capacity. Thus, the Court concludes that Plaintiff fails to state a claim against Defendant Hall.

### III. CONCLUSION

In sum, because Plaintiff's complaint fails to state a claim against any of the named defendants for which relief may be granted under 42 U.S.C. § 1983, the complaint must be dismissed under 28 U.S.C. § 1915(e) and McGore v. Wrigglesworth, 114 F.3d 601, 612 (6th Cir. 1997), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007).

An appropriate order will enter.

This the 3rd day of April, 2012.

William J. Haynes, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAVID RAY McCORMICK, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:12-cv-0096 |
| DARON HALL, Sheriff, W. EVANS, | ) Judge Haynes |
| AMY REED, DR. WILLIAMS, DR. MILLER, | ) |
| S. SHAVERS, DR. RONALD BAKER, and | ) |
| K. SUGDEN-KUNDAR, | ) |
| Defendants. | ) |

ORDER

In accordance with Memorandum filed herewith, Plaintiff's complaint fails to allege any facts that suggest that any action by any of the named defendants deprived Plaintiff of a right secured by the Constitution or laws of the United States.

Accordingly, this action is hereby **DISMISSED with prejudice**.

This is the Final Order in this action.

It is so **ORDERED**.

ENTERED this the ___3rd___ day of ___April___, 2012.

_____
WILLIAM J. HAYNES, JR.
United States District Judge